## Dougherty *v.* Norwood Borough.

*Contract—Municipal contract — Parol evidence—Construction of instrument by parties.*

Where a borough contract for sewers is in writing, and there is no allegation that there was any fraud, accident or mistake in its execution, the court should not admit in evidence conversations which took place between the plaintiff and the borough engineer prior to the execution of the contract, to the effect that certain work referred to in the contract should, over a certain amount, be paid for as extra work, and that a sewer on a certain right of way referred to in the contract should be excluded; nor should the court admit as evidence of the construction of the contract by the parties payments made on account of the alleged extra work, where there is no sufficient evidence that the borough council in authorizing the payments on account as the work proceeded intended that their action should be treated as an alteration of the contract, or even were aware that any such claim would be made.

Argued Feb. 7, 1900. Appeal, No. 399, Jan. T., 1899, by defendant, from judgment of C. P. Delaware Co., March T., 1898, No. 267, on verdict for plaintiff in case of James Dougherty v. Borough of Norwood. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN and BROWN, JJ. Reversed.

Assumpsit on a borough contract for sewers. Before CLAYTON, P. J.

At the trial it appeared that in 1896, plaintiff contracted in writing with the defendant to construct certain sewers. Plaintiff claimed to recover for alleged extra work for rock excavation in excess of 4,000 feet, and for extra work in constructing the sewer on what is known as the Schuster right of way. Plaintiff claimed that by a parol agreement between himself and the borough engineer, he was to be paid extra for all rock excavation over 4,000 feet, and that the construction of the sewer on the Schuster right of way was to be paid for as extra work. When plaintiff was on the stand he was asked this question:

"Q. Did you have any talk with Mr. Harris before you made any bid on this work? A. Yes, sir."

Mr. Johnson: We object to this.

"Q. Mr. Harris was the engineer to the borough? A. Yes, sir. Q. Did you have a talk with him before you made your bid? A. Yes, sir. Q. With reference to the amount of work to be done? A. Yes, sir. Q. What was said? A. Why, he told me what was to be done and how much rock was supposed to be there, and he told me the day before the bids. He came with a paper for these bids. Q. What was on the paper? A. It was a blank to be filled up, and nothing else was on it, only what was put on it. Q. Was there anything said when the sewer was to be built? A. No; he said the Schuster right of way was not to be built. Q. What was said about the rock? A. He said 4,000 feet of rock."

E. M. Harris, the borough engineer, testified under objection and exception to conversations which tended to support the testimony of the plaintiff. [18–22]

Verdict and judgment for plaintiff for $7,536.35. Defendant appealed.

*Errors assigned* among others were (18–23) rulings on evidence, quoting the bill of exceptions, and (30) portion of the opinion quoted in the opinion of the Supreme Court.

*John G. Johnson* and *Edward P. Bliss*, with them *Isaac Johnson*, for appellants.—Where a written contract is resorted to by the parties for the expression of their conclusions it will be regarded as expressing their final views, and as absorbing

all other parol understandings, prior or contemporaneous: Wharton on Evidence, sec. 1014; Harbold v. Kuster, 44 Pa. 392; Wodock v. Robinson, 148 Pa. 503; Ellmaker v. Franklin Fire Ins. Co., 5 Pa. 183; Caley v. Hoopes, 86 Pa. 493; Hall v. Phillips, 164 Pa. 494.

The borough engineer or surveyor had no authority to bind the borough by any representation or explanation. He was a subordinate agent, employed to supervise the carrying out of contracts, and not to make them: Malone v. Philadelphia, 147 Pa. 416; Fisher v. Boro. of South Williamsport, 1 Pa. Superior Ct. 386; Drhew v. Altoona, 121 Pa. 401.

. Every contract entered into by a borough must be authorized by an ordinance duly enacted by the council, presented to the burgess and approved by him, or passed over his veto: White v. Meadville, 177 Pa. 643; Drhew v. Altoona, 121 Pa. 401.

Where there is no ambiguity in the terms of a contract, the fact that a party has acted in accordance with a certain construction is not sufficient to make it a construction binding upon him in the future: Hague v. Philadelphia, 48 Pa. 527; Pa. R. R. Co. v. Erie, etc., R. R. Co., 108 Pa. 621; Alexander's App., 20 W. N. C. 283.

The doctrines of ratification or estoppel cannot be invoked to cure the invalidity of unauthorized acts of officers of a municipal corporation: Morawetz on Corporations, sec. 621; City of La Porte v. Gamewell Fire Alarm Telegraph Co., 35 Lawyers' Rep. Ann. 686; Atlantic City Waterworks Co. v. Reed, 15 Atl. Rep. 10; Dillon's Municipal Corporations, secs. 445, 447; Borough of Millerstown v. Frederick, 114 Pa. 435; Milford Borough v. Milford Water Co., 124 Pa. 610; Buchanan v. Litchfield, 102 U. S. 278; Litchfield v. Ballou, 114 U. S. 190.

*J. B. Hannum*, with him *A. B. Geary*, for appellee.—Parol testimony will always be received to vary a written contract where there is fraud, accident or mistake: Phillips v. Meily, 106 Pa. 536; Jackson v. Payne, 114 Pa. 67; Phila. & Del. County R. R. Co. v. Conway, 177 Pa. 364; Kendig v. Roberts, 187 Pa. 339.

The borough engineer had authority to bind the borough by representation or explanation, and, while he was a subordinate agent, his duty was to supervise the making of the bids and the

work, and to give certificates from which payment was to be made. He had full charge of everything. And when the borough adopted his view and paid the money, it ratified all acts of his and is bound by the payments: Dillon on Municipal Corporations, sec. 463; Sicilian Asphalt Paving Co. v. Williamsport, 186 Pa. 256; Spencer v. Colt, 89 Pa. 314; Cullmans v. Lindsay, 114 Pa. 166.

Prior conversations and correspondence are admitted to explain a contract: West Republic Mining Co. v. Jones, 108 Pa. 55; Iddings v. Iddings, 7 S. & R. 111.

A municipal corporation may ratify the unauthorized acts and contracts of its agents or officers which are within the scope of the corporate powers: Silsby Mfg. Co. v. Allentown, 153 Pa. 319; Matter of Shiloh Street, 165 Pa. 390; McKnight v. Pittsburg, 91 Pa. 273.

Money voluntarily paid and received under a claim of right, though not strictly demandable, cannot be recovered back: Morris v. Tarin, 1 Dall. 147; Keener v. Bank of U. S., 2 Pa. 237; Natcher v. Natcher, 47 Pa. 496; Real Est. Saving Inst. v. Linder, 74 Pa. 371; Gould v. McFall, 118 Pa. 455; Miller v. Hulme, 126 Pa. 277; Taylor v. Commissioners, 3 P. & W. 112.

OPINION BY MR. JUSTICE MITCHELL, May 21, 1900:

The assignments of error are forty-six in number and too plainly the result of a policy of excepting to everything, to justify a review and consideration in detail.

Plaintiff contracted with the borough to build a system of sewers. The contract was in writing, and there was no allegation of fraud, accident or mistake, yet notwithstanding this, the court permitted the plaintiff and the borough engineer to testify to their understanding that certain work was not to be done, though expressly included in the writing, and then submitted the construction of the contract to the jury. It appears that the sewers being contemplated in November, 1895, a bid was made by plaintiff, based to some extent upon conversations with the borough engineer. Considerations of expense, however, delayed the project until May, 1896, when the borough authorities having determined to proceed, inquired of plaintiff if he would still undertake the work for the price bid, and on his replying affirmatively, an ordinance

was passed and the contract drawn and executed. Under these circumstances there was no mistake in any legal sense which rendered admissible the oral testimony as to the sewer on the Schuster right of way being excluded, or the rock excavation in excess of $4,000 being paid for as an extra. Moreover, even had the evidence been admissible it fell short of the standard required to vary the plain terms of the writing.

During the progress of the work payments on account were authorized by the borough council on certificates of the engineer as to the work done, including the rock excavation. This action was claimed by plaintiff to be a construction of the contract by both parties which was binding without regard to the terms of the writing. This view was practically adopted by the learned trial judge who instructed the jury that "these two persons can put any construction on that they please; they can put a construction upon that contract entirely different from what a grammarian would put upon it, and if they put that construction upon it, that is the construction the law puts upon it. . . . They read the contract with that little piece of paper called an approximate estimate of the cost with the amount per thousand feet; if there should be more than 4,000 feet of rock it should be paid for at an extra price; if there was less than 4,000 feet of rock that it should be at the usual price of excavating dirt. Now, the contract does not say so, but the fact is that is the construction the parties put upon it." This was much too broadly stated and erroneous. There was no sufficient evidence that the council in authorizing the payments on account as the work proceeded intended that their action should be treated as an alteration of the contract or even were aware that any such claim would be made.

Judgment reversed and venire de novo awarded.